SUMMARY ORDER
Appellant Francis J. Gillen appeals from orders of the United States District Court for the Southern District of New York (Preska, J.). Gillen challenges the district court’s decision upholding disciplinary action against him by Defendant-Appellee International Brotherhood of Teamsters (“IBT” or “the Union”) after an Independent Review Board (“IRB”) of the Union determined that the resolution of disciplinary charges against Gillen was “not inadequate.” The district court also denied Gil-len’s request that it subpoena documents he claims could reveal the procedural unfairness of the Union proceedings. We assume the parties’ familiarity with the facts, procedural history of the case, and issues presented on appeal.
An IRB decision upholding Union disciplinary action is to be set aside only if it is “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.” See United States v. Int’l Bhd. of Teamsters (“Carey & Hamilton ”), 247 F.3d 370, 380 (2d Cir.2001) (internal quotation marks omitted). Even where the Union constitution is violated during the *730 course of disciplinary proceedings, the violation is actionable only if it deprives the Union member of the “full and fair hearing” contemplated by § 101(a)(5) of the Labor-Management Reporting and Disclosure Act (“LMRDA”), 29 U.S.C. § 411(a)(5). See Carey & Hamilton, 247 F.3d at 387. Union proceedings need not incorporate the same procedural protections found in criminal proceedings in order to satisfy the LMRDA, but “the basic principles of due process” must be in place. Id. at 385 (internal quotation marks omitted).
Gillen argues that the Union’s disciplinary procedures violated the IBT constitution because a hearing panel rather than the General Executive Board (“GEB”) conducted an evidentiary hearing with respect to the charges against him, and because the IBT General President and members of the hearing panel participated in the GEB’s vote on whether to adopt the recommendations of the hearing panel. As the district court observed, however, the IBT and IRB could reasonably have interpreted Article XIX, Section 6 of the IBT constitution to allow the General President to appoint a hearing panel to hold an evidentiary hearing and make a written recommendation to the full GEB. In addition, though Section 6 provides that no member of the hearing panel or of the GEB who is “involved in the charges” shall participate in deciding the case, the IBT and IRB could reasonably have concluded that neither the hearing panel members nor the IBT General President were involved, because the heaihng panel members had no role in the decision to bring the charges and the General President’s role was limited to a review of whether probable cause supported the IRB’s recommendation that the charge be brought. Therefore, we decline to conclude that the IRB’s “not inadequate” finding reflects an abuse of discretion.
Assuming arguendo that the IBT’s disciplinary procedures strayed from the provisions of its constitution, Gillen was not deprived of a full and fair hearing. As the district court explained, Gillen was provided with advance notice of the hearing date, notice of the charges against him, and notice of the evidence against him. Moreover, Gillen was represented by counsel at the panel hearing and presented evidence in his own defense. After review of the record of these proceedings, the IRB appropriately affirmed the conclusion that Gillen intentionally gave false testimony under oath regarding his association with a barred member, Thomas Ryan, which is forbidden under the Consent Decree.
Furthermore, the district court acted within its discretion in concluding that Gillen’s allegations of bias on the part of the IBT General President and members of the hearing panel are unfounded. See Wildberger v. Am. Fed’n of Gov’t Employees, 86 F.3d 1188, 1195 (D.C.Cir.1996) (noting that without “specific evidence of bias ... [t]he fact that the President makes the initial probable cause determination ... does not mean that ... he cannot fairly make the ultimate decision”). For that reason, among others, the district court did not err in rejecting Gillen’s request that it subpoena documents that could allegedly demonstrate bias in the IBT proceedings.
We have reviewed Gillen’s remaining contentions on appeal and find them to be without merit.
For the foregoing reasons, the decision is AFFIRMED.